NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| CYNTHIA LONG, | ) | CASE NO. 1:20cv2857 |
| | ) | |
| Plaintiff, | ) | JUDGE RUIZ |
| | ) | United States District Judge |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| COMMISSIONER OF SOCIAL | ) | WILLIAM H. BAUGHMAN, JR. |
| SECURITY, | ) | |
| | ) | REPORT & RECOMMENDATION |
| | ) | |
| Defendant, | | |

**Introduction**

Before me by referral[1] is an action by Cynthia Long under 42 U.S.C. §405(g) seeking judicial review of the 2020 decision of the Commissioner of Social Security that denied Long's 2018 application for disability benefits and supplemental security income.[2] The Commissioner has filed the transcript of the administrative proceedings.[3] Pursuant to the relevant initial order,[4] the

---

[1] On February 15, 2022, under General Order 2022-03, the matter which was previously assigned to District Judge John R. Adams was reassigned to District Judge David A. Ruiz and then automatically referred to me under Local Rule 72.2.
[2] ECF No. 1.
[3] ECF No. 10. The filing of the administrative record also constitutes the Commissioner's answer. Local Rule 16.3.1(d).
[4] ECF No. 5.

parties have briefed their positions[5] and have met and conferred with the objective of reducing or clarifying the matters at issue.[6]

For the following reasons, I will recommend that the decision of the Commissioner be affirmed.

## Facts

The relevant facts are briefly stated.

Long, who has a 10th grade education and was born in 1971,[7] was found by the ALJ to have severe impairments of anxiety, major depressive disorder and pulmonary arterial hypertension.[8] However, at Step Three, the ALJ determined that Long did not meet the Listing 3.09 for chronic pulmonary hypertension because "the record does not indicate that she has ever had a cardiac catheterization" – which is one of the specified criteria for Listing 3.09.[9]

Long argues that this conclusion by the ALJ is inaccurate because she underwent a right cardiac catheterization in December 2016.[10] The Commissioner, however, argues first that, even if Long is correct about the catheterization, Long did not meet Listing 3.09 because she failed to meet two of the four elements of the Listing.[11] Moreover, and most relevant, the Commissioner maintains that because Long's catheterization occurred in 2016 it cannot be probative of whether

---

[5] ECF Nos. 12 (Long), 13 (Commissioner).
[6] ECF No. 15.
[7] Tr. at 42.
[8] *Id*. at 18.
[9] Tr. at 19.
[10] ECF No. 12 at 8 (citing record).
[11] ECF No. 13 at 3.

she met the Listing during the relevant period – which began with the alleged disability date in 2018.[12]

Long did not file a reply brief.

## Analysis

Initially, it is Long who must prove[13] she met a listing by showing that her impairment or combination of impairments meets *every* element of that Listing.[14] Listing 3.09 requires proof of: (1) pulmonary hypertension, (2) that is chronic, (3) documented by mean pulmonary artery pressure equal to or greater than 40mm Hg as determined by cardiac catheterization, (4) while medically stable.[15] As the Commissioner corectly notes, Long has not established that her condition is chronic (element 2) or that she met the other elements while medically stable (element 4).[16] Thus, regardless of the merits of her argument about meeting the third element, she has not shown she meets all the elements of the listing, as required.

Moreover, that said, her argument that the 2016 catheterization meets the third element is not persuasive. As noted above, the 2016 catheterization is almost two years prior to the alleged onset date in 2018. Eligibility for disability benefits "must be established during the relevant time period; therefore, medical evidence submitted before the alleged onset date is of little relevance."[17] Thus, the evidence relied upon by Long as proving the ALJ erred in the evaluation of

---

[12] *Id.* at 304.
[13] *Sullivan v. Zebley*, 493 U.S. 521 (1990).
[14] *Id.* at 530-31. "An impairment that manifests only some of the criteria, no matter how severely, does not qualify."
[15] 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 3.09.
[16] ECF No. 13 at 3.
[17] *Cox. v. Commissioner of Soc. Sec.*, 2015 WL 6545657, at *3, n.1 (N.D. Ohio Oct. 27, 2015).

the listing is not relevant to the question of whether she meets Listing 3.09 during the time after the alleged onset date.

## Conclusion

Accordingly, for the reasons stated, I recommend that the decision of the Commissioner be affirmed.

Date: 08/29/22                                           s/William H. Baughman, Jr.
                                                                               United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Any party may object to this Report and Recommendation. To do so, you must serve and file your objections with the Clerk of Court within 14 days after being served with this Report and Recommendation. If this document is being served on you by mail, service by mail is complete when the document is mailed, not when you receive it. If you fail to serve and file your objections within this 14-day time period, you forfeit your rights on appeal, absent a showing of good cause for such failure.